UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID LEE FARRIS, #182719,

    Petitioner,

v.

CASE NO. 2:17-CV-12555
HONORABLE NANCY G. EDMUNDS

DAVID BERGH,

    Respondent.
_____/

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING RESPONDENT'S AND PETITIONER'S MOTIONS TO DISMISS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

This is a habeas case under 28 U.S.C. § 2254. Michigan prisoner David Lee Farris ("Petitioner") asserts that he is being held in violation of his constitutional rights. Petitioner was convicted of three counts of first-degree criminal sexual conduct following a jury trial in the Macomb County Circuit Court and was sentenced, as a fourth habitual offender, to concurrent terms of 60 to 120 years imprisonment in 2014. In his pleadings, Petitioner raises claims concerning the voluntariness and admission of his police statement, the admission of other acts evidence, a limitation on cross-examination and his right to present a defense, the effectiveness of defense counsel, the jury instructions, the search and seizure of evidence, his speedy trial rights, the validity of his sentence, the exclusion of evidence and his right to present a defense, the preliminary examination, the sufficiency of the evidence, and the denial of a photo body lineup request.

This matter is before the Court on Respondent's motion to dismiss the petition for failure to fully exhaust state court remedies asserting that Habeas Claim VIII (sentencing) is unexhausted. In response, Petitioner filed his own motion to dismiss requesting that the unexhausted claim be dismissed and that he be allowed to proceed on the remaining exhausted claims. For the reasons set forth, the Court dismisses without prejudice the habeas petition, denies Respondent's and Petitioner's motions to dismiss, denies a certificate of appealability, and denies leave to proceed in forma pauperis on appeal.

## II.  Procedural History

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals essentially raising the same claims presented on habeas review. The court affirmed Petitioner's convictions, but remanded for resentencing under the procedures set forth in *People v. Lockridge*, 498 Mich. 358, 870 N.W.2d 502 (2015) (citing *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005)). *People v. Farris*, No. 324324, 2016 WL 1125920 (Mich. Ct. App. March 22, 2016) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Farris*, 500 Mich. 896, 887 N.W.2d 191 (Nov. 30, 2016). The trial court conducted the hearing on remand, determined that it would have imposed the same sentence even if the guidelines had been advisory, and denied resentencing. *People v. Farris*, No. 2014-0433-FC (Macomb Co. Cir. Ct. March 2, 2017). Petitioner then filed an appeal with the Michigan Court of Appeals, which remains pending in that court. *See People v. Farris*, Mich. Ct. App. No. 337821; *see also* Chief Clerk Zimmer Affidavit.

Petitioner dated his federal habeas petition on July 31, 2017. Respondent filed the motion to dismiss on February 14, 2018 and Petitioner dated his responsive motion to

dismiss on February 26, 2018.

**III.    Analysis**

After the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243.  If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*, *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

In this case, the motions and supplemental filings by the parties reveal that the habeas petition must be dismissed because it is premature.  Petitioner's state convictions and sentences are not yet final given that the Michigan Court of Appeals remanded the case to the state trial court for a resentencing decision and an appeal of the trial court's decision on remand remains pending in the Michigan Court of Appeals. *See Burton v. Stewart*, 549 U.S. 147, 156-57 (2007) (ruling that when a state court affirms a conviction on direct review, but remands for resentencing, the judgment of conviction does not become final, for purposes of the statute of limitations, until the completion of direct review from the new judgment of sentence and citing *Berman v. United States*, 302 U.S. 211, 212 (1937) ("Final judgment in a criminal case means sentence.  The sentence is the judgment")); *see also Rashad v. Lafler*, 675 F.3d 564, 567-78 (6th Cir. 2012) (discussing

*Burton*). Petitioner cannot proceed on federal habeas review until his convictions and sentences are finalized in the state courts.

Furthermore, it is inappropriate for a habeas petitioner to challenge the same criminal convictions and sentences in state court and federal court at the same time. Petitioner must complete the state court process before seeking habeas relief in federal court. *See Witzke v. Bell*, No. 07-CV-15315, 2007 WL 4557674 (E.D. Mich. Dec. 20, 2007); *Harris v. Prelisnik*, No. 06-CV-15472, 2006 WL 3759945 (E.D. Mich. Dec. 20, 2006).[1] His habeas petition must therefore be dismissed.

## IV.   Conclusion

For the reasons stated, the Court concludes that Petitioner's state convictions and sentences are not yet final and/or that he has a matter pending in the state courts which concerns the same convictions and sentence such that the instant habeas petition is premature. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.[2] Given this determination, the Court **DENIES** Respondent's and Petitioner's motions to dismiss as moot.

Before Petitioner may appeal this decision, a certificate of appealability must issue.

---

[1] The Court notes that Petitioner's potential sentencing claim arising from the state trial court's resentencing decision is not ripe for review given that the issue remains pending the state appellate courts and the claim must be fully exhausted in the state courts before it may be raised on federal habeas review. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

[2] This dismissal is without prejudice to Petitioner filing a new federal habeas petition after the conclusion of his state court proceedings and within the applicable one-year statute of limitations. *See* 28 U.S.C. § 2244(d). This case will not be reopened.

4

*See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  Reasonable jurists could not debate the correctness of the Court's procedural ruling.  Accordingly, the Court **DENIES** a certificate of appealability.  The Court also concludes an appeal cannot be taken in good faith.  *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** leave to proceed in forma pauperis on appeal.

    **IT IS SO ORDERED**.

                                     s/ Nancy G. Edmunds
                                     NANCY G. EDMUNDS
                                     UNITED STATES DISTRICT JUDGE

Dated:  March 23, 2018